UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-20-191-G |
| | ) |
| ANTHONY WARE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On February 14, 2020, Defendant Anthony Ware, who had been convicted and sentenced to 200 months' imprisonment on drug- and firearm-related criminal charges in the United States District Court for the Eastern District of Michigan, began serving a term of supervised release imposed by that Court. *See United States v. Ware*, No. 94-CR-81259-RHC-12 (E.D. Mich.). On July 23, 2020, the Court accepted jurisdiction over the supervised release of Defendant. *See* Doc. No. 1. Since that date, the Court has been reviewing reports on Defendant's compliance with the terms of his supervised release. *See* Doc. Nos. 3, 5, 6. Defendant's term of supervised release is set to conclude on February 13, 2025. *See* Doc. No. 1.

Now before the Court is Defendant's pro se Motion (Doc. No. 9), seeking termination of the remainder of his term of supervised release. In support, Defendant states that he "would like to continue [on] with [his] life." *Id.* at 1. Defendant also has submitted numerous positive references and certificates of achievement in vocational education and

training. *See id.* Ex. 1 (Doc. No. 9-1) at 1-18.

The Government has filed a Response (Doc. No. 11), stating that it does not oppose Defendant's request for termination of supervised release. *See id.* at 2. The Government also represents that Defendant's supervising probation officer has advised: "Mr. Ware has performed well during his period of supervised release and . . . he has completed the bulk of his term. It also appears from Mr. Ware's submissions that he has worked diligently to improve himself since his release from confinement." *Id.* at 1-2. Further, Defendant has maintained employment and a residence since the inception of his supervised release and has substantially complied with its terms. *See* Doc. Nos. 3, 5, 6. The record before the Court does not reflect that Defendant has been involved in any new criminal proceedings or has failed to pay any financial obligations arising from his conviction.

The Court has authority to terminate a defendant's supervised release at any time after one year of supervised release if early termination is warranted by "the conduct of the defendant released" and by "the interest of justice." 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). For all the reasons outlined above, and having considered the relevant factors of 18 U.S.C. § 3553(a), the Court finds that the requested termination "is warranted by the conduct of [Defendant]" and is in "the interest of justice." 18 U.S.C. § 3583(e)(1). Pursuant to Federal Rule of Criminal Procedure 32.1(c)(2)(B), no hearing is required on Defendant's request.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Anthony Ware's Motion (Doc. No.

9) is GRANTED.

IT IS FURTHER ORDERED that the United States Probation Office is directed to process the early termination of Defendant's supervised release, at which time this case shall be closed.

DATED this 26th day of September, 2023.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge